IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LARRY GRIFFIS,** *et al.*                                                                                              **PLAINTIFFS**

vs.                                                    **4:08CV01974 WRW**

**ANADARKO E&P COMPANY LP,** *et al.*                                                        **DEFENDANTS**

## ORDER

Pending are Plaintiffs' and Defendants' cross-motions for Summary Judgment (Doc. Nos. 15, 21, 23). Each side has responded.[1] Defendant Chesapeake Bay and Plaintiffs have replied.[2] For the reasons set out below, Plaintiffs' Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendants' Motions for Summary Judgment (Doc. Nos. 21, 23) are GRANTED.

### I.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the

---

[1] Doc. Nos. 21, 26, 32, 33.

[2] Doc. Nos. 40, 41.

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] I must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## II.    BACKGROUND

This case involves oil and gas rights in which both Petitioners and Respondents claim an interest.[10] In 1936, Missouri Pacific Railroad Company ("Missouri Pacific") issued to Plaintiffs' predecessor in interest a deed (the "1936 Deed") that reserved for Missouri Pacific "all the

---

[5]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Doc. Nos. 15, 21, 23.

minerals upon, in, or under" certain real property in White County, Arkansas.[11] The 1936 Deed reads, in part:

> also reserving to the said Missouri Pacific Railroad Company and to the said Trustee, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, all the minerals, upon in or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and remove minerals supposed to be in, upon or under the said land, or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, pipe lines, tools, implements or machinery as may be proper, necessary or convenient in or about the exploring, digging, mining or drilling for or removal of any minerals, without any claim for damages on behalf of said second party or assigns.[12]

The 1936 Deed did not specifically mention oil or gas.

Defendants are the successors in interest of these mineral rights, and claim ownership of all oil and gas rights.[13] Plaintiffs obtained title to the real property and also claim ownership of the oil and gas rights.[14]

On July 9, 2007, Defendants Upland and Anadarko leased the oil and gas interests in Plaintiffs' land to Defendant Chesapeake Exploration, LLC ("Chesapeake").[15]

On September 5, 2008, Plaintiffs filed suit in this Court seeking to quiet title to the oil and gas rights.[16] The issue is whether the reservation of minerals in the 1936 Deed included oil and gas.

---

[11]Doc. Nos. 1, 7, 9.

[12]Doc. No. 15-2.

[13]Doc. No. 20.

[14]Doc. No. 1.

[15]Doc. No. 15-4.

[16]*Id.*

## III.   DISCUSSION

In 1941, the Arkansas Supreme Court decided *Missouri Pacific Railroad Company v. Strohcker*.[17] In *Strohacker*, an 1892 deed and an 1893 deed each reserved "all coal and mineral deposits."[18] The appellees in *Strohacker* maintained that "when the reservations were written into the deeds it was not intended by the term 'all coal and mineral deposits' to include gas and oil."[19] The court agreed with the appellees, writing: "If the reservations had been made at a time when oil and gas production, or explorations, were general, and legal or commercial usage had assumed them to be within the term "minerals," certainly Appellants would prevail."[20]

Because the court in *Strohacker* was construing 1892 and 1893 deeds, it had to consider oil and gas production or exploration at that time. The court, however, noted that in Arkansas gas was referred to as a mineral as early as 1911.[21] The court also recognized its holding in *Sheppard v. Zeppa, Trustee*[22] that "a reservation of 'mineral rights' pertaining to certain lands was effective to withhold oil, gas and other minerals from a conveyance."[23] In summary, the court stated, "[i]t can no longer be doubted that a reservation of minerals, or of mineral rights, is sufficient to identify oil and gas."

---

[17]202 Ark. 645 (1941).

[18]*Id*. at 646.

[19]*Id*.

[20]*Id*. at 650-51.

[21]*Id*. at 651.

[22]199 Ark. 1 (1939).

[23]*Strohacker*, 202 Ark. at 651-52.

In interpreting a reservation of mineral rights, the reservation will be construed "so as to be consistent with and limited to those minerals commonly knows and recognized by legal or commercial usage in the area where the instrument was executed."[24]

Plaintiffs assert that the reservation does not include "oil and gas" because the common usage of the term "minerals" did not include "oil and gas" in White County in 1936, and because oil and gas were not generally known to exist in White County at that point in time.[25] Plaintiffs rely on affidavits from three elderly citizens from White County who generally support Plaintiffs' contention.[26]

Defendants claim that the term "minerals" was generally known to include "oil and gas." Defendants rely on the affidavit of Tad Morrow,[27] who states that there were over 1,800 similar leases recorded in White County between 1904 and 1933, and on the affidavit of David Warren,[28] who states that between 1904 and 1936, more than 4,100 oil and gas leases were recorded in White County. Further, the language of the 1936 Deed refers to drilling and pipelines, which is consistent with oil and gas.

Considering the number of oil and gas wells drilled in White County by 1936, and the fact that there are about 4,100 other similar leases dated between 1904 and 1933 and recorded in White County, and the language of the 1936 Deed,[29] I find that under the *Strohacker* Doctrine,

---

[24]*Ahne v. Reinhart & Donovan Co.*, 240 Ark. 691, 696 (1966).

[25]Doc. No. 15.

[26]*Id.* (Exhibits H, I, J).

[27]Doc. No. 21-3.

[28]Doc. No. 28-2.

[29]Doc. No. 15-2. The deed reads, in part: "explore, dig, mine or *drill for* and remove minerals supposed to be in, upon or under the said land, or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, *pipe lines* . . . ." Emphasis added.

-6-

the reservation of minerals in the deed at issue included oil and natural gas. Accordingly, Plaintiffs' Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendants' Motions for Summary Judgment (Doc. Nos. 21, 23) are GRANTED. All other pending motions in this case are MOOT.

IT IS SO ORDERED this 24th day of August, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE